**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff-Appellee,  v.  ANTONIO GIVENS,  Defendant-Appellant. | No.  17-16663  D.C. Nos. 2:16-cv-01428-LRH 2:03-cr-00350-LRH-PAL-12  MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 17, 2021**

Before:  SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

The stay of proceedings, entered on October 4, 2018, is lifted.

Antonio Givens appeals from the district court's order denying his 28 U.S.C. § 2255 motion to vacate. We have jurisdiction under 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Fultz*, 923 F.3d 1192, 1194 (9th Cir.

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2019), we affirm.

Givens asserts that his career offender sentence must be vacated because *Johnson v. United States*, 576 U.S. 591 (2015), applies to the mandatory Sentencing Guidelines and renders the residual clause of U.S.S.G. § 4B1.1 unconstitutionally vague. This contention is foreclosed. *See United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018) ("*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review.").

Givens next argues that his conviction under 18 U.S.C. § 924(c) must be vacated because § 924(c)'s residual clause is unconstitutionally vague and Hobbs Act robbery does not satisfy the § 924(c)(3)(A) force clause. This contention is also foreclosed. *See United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)).

**AFFIRMED.**